**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **MARCELLUS WILLIAMS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | ) **Case No. 4:05CV01474RWS** |
| | ) |
| **DONALD ROPER,** | ) |
| | ) |
| **Respondent.** | ) |

**PETITIONER'S MOTION FOR DISCOVERY**
**TO COMPEL THE STATE OF MISSOURI TO CONDUCT**
**FURTHER DNA TESTING OF UNMATCHED GENETIC MATERIALS**

COMES NOW petitioner, by and through counsel, and pursuant to Rule 6 of

the Rules Governing § 2254 cases, hereby moves this Court to order the state to direct

the St. Louis County prosecutor's office and the St. Louis County Crime Laboratory

to discharge its duties pursuant to Mo. Rev. Stat. § 650.050 et. seq. (2000), and test

the unmatched genetic materials, including hairs and fingernail scrapings, to attempt to

match the samples recovered from the crime scene to Laura Asaro and to known

individuals in the Missouri felony offender database and the FBI profiling system.  In

support of this motion, petitioner states as follows:

1.    As set forth in his Petition For A Writ of Habeas Corpus, genetic trace

evidence was recovered from the crime scene that could not be matched

to petitioner, Felicia Gayle, or her husband. (Petition, p. 13). This evidence included hairs discovered on the victim's shirt and rug, pubic hairs and fingernail clippings taken from Ms. Gayle containing blood and skin tissue. (Tr. 2871-72, 2876-77).

2.   In Claim 4 of his petition, petitioner alleges that his conviction and sentence of death were secured in violation of his Eighth and Fourteenth Amendment rights because he was convicted on the basis of the perjured testimony of Henry Cole and Laura Asaro, and because he is actually innocent of the Gayle murder. *See Herrera v. Collins,* 506 U.S. 390 (1993); *House v. Bell,* 126 S.Ct. 2064 (2006). Under Claim 3, petitioner alleged that trial counsel was ineffective in failing to seek to match this crime scene evidence to the DNA of state's witness Laura Asaro.

3.   The state of Missouri, by statute, has established a DNA profiling system. *See* § 650.050 et. seq. R.S.Mo. (2000). This system was designed to "[a]ssist federal, state and local criminal justice and law enforcement agencies in the putative identification, detection or exclusion of individuals who are subjects of the investigation or prosecution of violent or sex related crime in which biological evidence is recovered from the crime scene..." § 650.052.1 R.S.Mo. (2000). This statutory

2

scheme also requires Missouri, through its highway patrol, to establish a DNA profiling system that is coordinated with the FBI's national DNA database. *See* § 650.052.2. This law also requires every individual convicted of a felony in the state of Missouri to submit a DNA sample either upon their entry or before their release from the department of corrections or county jail. § 650.055.1 R.S.Mo. (2000).

4. In light of this Missouri law, petitioner believes there is a significant likelihood that if this Court orders the St. Louis County Crime Lab[1] to conduct further DNA testing to attempt to match the unknown genetic material in this case to individuals in the state and national DNA databases, there is a significant likelihood that a positive match could be obtained. If the previously unidentified genetic material is matched to Ms. Asaro or another individual in the state or national DNA database, this evidence would establish that petitioner is actually innocent of the crime and/or that his trial counsel was ineffective in failing to seek to match the unknown DNA to Laura Asaro.

5. In *Toney v. Gammon,* 79 F.3d 693 (8th Cir. 1996), the Eighth Circuit

---

[1] In light of the fact that the pre-trial DNA testing was conducted by this agency, petitioner assumes that the aforementioned hairs and fingernail scrapings are still in their possession.

held that a district court abused its discretion in failing to grant discovery and order DNA testing to allow Missouri prisoner Steven Toney to establish that he was innocent of the rape and sodomy charges for which he was incarcerated and that his trial counsel was ineffective. *Id.* at 700-701. As in *Toney*, further DNA testing is necessary here because it is "indispensable to a fair, rounded, development of the material facts." *Id.* at 700. As a result of the Eighth Circuit's decision in *Toney,* Steven Toney became the first Missouri inmate to be exonerated under DNA technology. *See McClellan, Bill Signing is a Fresh Start For Man Freed After DNA Test*, St. Louis *Post-Dispatch*, July 3, 2006. Given the similarity between the two cases, coupled with the fact that petitioner is under a sentence of death, further DNA testing should be authorized under Rule 6 in the interest of justice in order to allow petitioner a full and fair opportunity to establish his innocence and to prove his claim that his trial attorneys were ineffective.

WHEREFORE, for the foregoing reasons, petitioner moves this Court to order the St. Louis County prosecuting attorney and the St. Louis County crime laboratory to conduct further DNA testing of the genetic material in this case and attempt to match this evidence to the known DNA of Laura Asaro and individuals in the state and

4

federal DNA databases.

Respectfully Submitted,

/s/ Kent E. Gipson
KENT E. GIPSON      #34524
WILLIAM C. ODLE #37581
305 East 63rd Street
Kansas City, MO. 64113
816/ 363-2795  Fax 816/ 363-2799

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed and served on Respondent via this Court's ECF system, this 29th day of August, 2006 to Mr. Michael Spillane, Office of Attorney General, P.O. Box 899, Jefferson City, MO 65201.

/s/ Kent E. Gispon
Kent E. Gipson
*Attorney for Petitioner*

5