**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **MARCELLUS WILLIAMS,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:05CV01474RWS** |
| | ) | |
| **DONALD ROPER** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MOTION TO AUTHORIZE DISCOVERY

COMES NOW, petitioner, by counsel, and moves this court pursuant to Rule 6 pertaining to cases filed under 28 U.S.C. § 2254, to authorize petitioner to conduct discovery to obtain relevant impeachment material pertaining to Henry Cole and Laura Asaro, exonerating evidence regarding the 1998 murder of Debra McClain, and evidence of governmental misconduct pertaining to the search of petitioner's car. For his motion, petitioner states:

1. Petitioner has submitted herein a factually detailed petition for relief under 28 U.S.C. §2254. Petitioner has set forth therein a *prima facie* case for relief from his conviction and sentence.

2. Petitioner has made allegations, supported by the record, which, if true, establish the right to the relief he seeks. There is, however, material and indispensable

evidence regarding extensive records concerning Henry Cole and Laura Asaro relevant to petitioner's constitutional claims that have never been disclosed to petitioner's trial or post-conviction counsel.  Both Henry Cole and Laura Asaro were presented as the state's central witnesses to the murder for which petitioner was convicted and sentenced to death.  Petitioner has never been able to gain access to a variety of records to present to the court to support his constitutional claims involving the highly dubious credibility of these witnesses.  In addition, petitioner seeks access to records regarding the 1998 murder of Debra McClain, which the state itself conceded bore strong resemblance to the homicide at issue here.  The disclosure of this information is essential to the fair and accurate resolution of the constitutional issues before the Court.

3.     First, petitioner requests leave to discover, by way of subpoena, production of documents, depositions, request for admissions and/or interrogatories the following information:

a)     Henry Cole's criminal record, including, but not limited to reports of law enforcement agencies related to his prior arrests and/or his participation in criminal activities.

b)     Any and all of Henry Cole's prior statements, including handwritten notes concerning his knowledge of persons engaged in illegal activities.

2

c) Any and all records of payments and other benefits received by Henry Cole from any federal, state, local or government agency for his assistance in the investigation and prosecution of the instant case and any and all other criminal matters, including but not limited to a written summary of payments and expense reimbursements.

d) Any and all contracts, agreements, and memorandums of understanding between Henry Cole and any agency of the United States Government, or any state or local law enforcement agency.

e) The name, case number and jurisdiction of any and all judicial proceedings in which Henry Cole has been utilized as an informant and/or has testified.

f) Any and all handwritten notes, which in any way indicate that Henry Cole has provided untruthful or misleading information or testimony in connection with this case or any other case in any state or federal law enforcement agency, state or federal grand jury, or federal court.

g) Any and all medical, psychological, behavioral, and other records regarding Henry Cole in the possession of Bronx-Lebanon Hospital, 1276 Fulton Avenue, Bronx, New York.

h) Any and all medical, psychological, behavioral, and other records

3

regarding Henry Cole in the possession of Amber Residence Hall.

i)      Any and all medical, psychological, behavioral, and other records regarding Henry Cole in the possession of Dr. Perry Jenkins Hospitality House.

j)      Any and all medical, psychological, behavioral, and other records regarding Henry Cole in the possession of McBurney YMCA, 125 West, 14th Street, New York.

k)      Any and all medical, psychological, behavioral, and other records regarding Henry Cole in the possession of St Luke's-Roosevelt Hospital, 1111 Amsterdam Avenue, New York.

l)      Any and all medical, psychological, behavioral, and other records regarding Henry Cole in the possession of New York Department of AIDS Services.

m)      Any and all Social Security and other records regarding Henry Cole in the possession of the Social Security Administration.

n)      Any and all medical, psychological, behavioral, and other records regarding Henry Cole in the possession of the Federal Bureau of Prisons.

o)      Any and all medical, psychological, behavioral, and other records

regarding Henry Cole in the possession of the Missouri Department of Corrections.

p)   Any and all medical, psychological, behavioral, and other records regarding Henry Cole in the possession of the Michigan Department of Corrections.

q)   Any and all medical, psychological, behavioral, and other records regarding Henry Cole in the possession of the Pennsylvania Department of Corrections.

r)   Any and all probation and parole records regarding Henry Cole in the possession of Missouri, Michigan, Pennsylvania and the Federal Justice System.

s)   Any and all medical, psychological, behavioral, and other records regarding Henry Cole in the possession of the St. Louis City Workhouse.

t)   Any and all medical, psychological, behavioral, and other records regarding Henry Cole in the possession of Barnes-Jewish Hospital, Hospital Plaza, St Louis.

u)   Any and all medical, psychological, behavioral, and other records regarding Henry Cole in the possession of Medicaid Centers.

v)   Petitioner further requests leave of Court to take the depositions, and in

the event an evidentiary hearing is granted, to issue subpoenas, to all material witnesses necessary to present the documentary evidence produced during discovery.

w)    Petitioner further requests leave of Court to issue subpoenas to all material witnesses with information concerning the competency of Henry Cole at the time of the trial of petitioner.

4.    In addition to the above, petitioner requests leave to discover, by way of subpoena, production of documents, depositions, request for admissions and/or interrogatories the following information:

a)    Laura Asaro's criminal record, including but not limited to reports of law enforcement agencies related to her prior arrests and/or her participation in criminal activities.

b)    Any and all of Laura Asaro's prior statements, including handwritten notes concerning her knowledge of persons engaged in illegal activities.

c)    Any and all records of payments and other benefits received by Laura Asaro from any federal, state, local or government agency for her assistance in the investigation and prosecution of the instant case and any and all other criminal matters, including but not limited to a written summary of payments and expense reimbursements.

d)   Any and all contracts, agreements, and memorandums of understanding between Laura Asaro and any agency of the United States Government, or any state or local law enforcement agency.

e)   The name, case number and jurisdiction of any and all judicial proceedings in which Laura Asaro has been utilized as an informant and/or has testified.

f)   Any and all handwritten notes, which in any way indicate that Laura Asaro has provided untruthful or misleading information or testimony in connection with this case or any other case in any state or federal law enforcement agency, state or federal grand jury or federal court.

g)   Any and all medical, psychological, behavioral, and other records regarding Laura Asaro in the possession of the St Louis Empowerment Center, 1905 S. Grand, St Louis, Missouri.

h)   Any and all medical, psychological, behavioral, and other records regarding Laura Asaro in the possession of the Missouri Department of Corrections.

i)   Any and all medical, psychological, behavioral, and other records regarding Laura Asaro in the possession of the St. Louis City Workhouse.

j)      Any and all medical, psychological, behavioral, and other records regarding Laura Asaro in the possession of the Department of Family Services.

k)      Any and all Social Security and other records regarding Laura Asaro in the possession of the Social Security Administration.

l)      Any and all medical, psychological, behavioral, and other records regarding Laura Asaro in the possession of the Booneville Treatment Center for Women.

m)     Any and all probation and parole records regarding Laura Asaro.

n)      Petitioner further requests leave of Court to take the depositions, and in the event an evidentiary hearing is granted, to issue subpoenas, to all material witnesses necessary to present the documentary evidence produced during discovery.

o)      Petitioner further requests leave of Court to issue subpoenas to all material witnesses with information concerning the competency of Laura Asaro at the time of the trial of petitioner.

5.      Third, petitioner requests leave to discover, by way of subpoena, production of documents, depositions, request for admission and/or interrogatories, the following information:

a) Any and all police and other law enforcement reports concerning, regarding or relating to the murder of Debra McClain, in Pagedale, Missouri.

b) The identity of any suspects investigated, identified, charged or otherwise prosecuted in connection with Ms. McClain's murder.

c) Documents evidencing any attempt by authorities investigating Felicia Gayle's homicide to investigate in any way the McClain homicide.

d) Any documents concerning or evidencing any similarities between the Gayle and McClain homicides.

e) Any and all police reports concerning, regarding or evidencing any similar stabbing homicide occurring in the St. Louis metropolitan area from 1996 to the present; by "similar" petitioner means the victim died of multiple stab wounds and that the murder weapon was left in the body.

f) Any DNA, forensic, or other physical evidence in possession of the state recovered from the McClain murder crime scene.

g) Petitioner further requests leave of Court to take the depositions, and in the event an evidentiary hearing is granted, to issue subpoenas, to all material witnesses necessary to present the documentary evidence produced during discovery.

9

h)   Petitioner further requests leave of Court to issue subpoenas to all material witnesses with information concerning the McClain homicide.

6.   Counsel expresses to the Court a good faith belief that the discovery requested by petitioner herein is likely to produce relevant evidence or will lead to the discovery of relevant and admissible evidence.  Further, counsel respectfully suggests that granting leave to conduct discovery requested will assist the Court in arriving at a just and reliable resolution of the constitutional claims presently before it.

7.   Fourth, any police reports, notes, correspondence or other documents regarding, relating to, or concerning any search[es] of petitioner's car by law enforcement authorities, which car was parked at the home of petitioner's grandfather, Walter Hill, at all relevant times and specifically including November, 1999.

## SUGGESTIONS IN SUPPORT OF REQUESTS FOR DISCOVERY

"In appropriate circumstances, a district court, confronted by a petition for habeas corpus which establishes a prima facie case for relief, may use or authorize the use of suitable discovery procedures, including interrogatories, reasonably fashioned to elicit facts necessary to help the court 'to dispose of the matter as law and justice require.'" *Harris v. Nelson*, 394 U.S. 286, 290 (1969).  In response to the Court's opinion in *Harris*, Congress enacted Rule 6 Governing § 2254 Proceedings for the United States District Courts, which permits discovery on a showing of good cause:

10

> A party may invoke the processes of discovery available under the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure or elsewhere in the usages and principles of law if, and to the extent that, the judge in the exercise of his discretion for good cause shown grants leave to do so, but not otherwise.[1]

The defendant has amply satisfied the good cause standard in this case.

The resolution of petitioner's constitutional claims requires the Court to consider facts surrounding Mr. Cole's and Ms. Asaro's mental conditions and social histories, that have never been made available to either this Court or to petitioner. Trial or state post-conviction counsel never had the opportunity to review the records and present counsel has no idea what the records contain.

Mr. Cole's and Ms. Asaro's records are essential to the fair resolution of this litigation. The state's case hinged literally on the testimony of Henry Cole and Laura Asaro. Petitioner's trial counsel was not given the information necessary to challenge the competency of Cole or Asaro to testify or effectively cross-examine them. Petitioner has alleged that the state's non-disclosure of this vital information violated his constitutional rights. To establish that a constitutional violation occurred and that petitioner was prejudiced, it is essential that counsel have access to the factual tools necessary to prove that petitioner's constitutional rights were violated. *See e.g., Bracy*

---

[1] This Rule has not been affected by the 1996 amendments to § 2254.

*v. Gramley*, 520 U.S. 899 (1997).

Mr. Williams has, therefore, established that granting discovery is necessary to ensure a just and reliable determination of the issues. "A court's denial of discovery is an abuse of discretion if discovery is 'indispensable to a fair, rounded, development of the material facts.'" *Toney v. Gammon*, 79 F.3d 693, 700 (8th Cir. 1996), quoting *East v. Scott*, 55 F.3d 996, 1001 (5th Cir. 1995).

The fact that petitioner has the burden of proof in his petition for relief also justifies the authorization of discovery. Where the law imposes on a habeas petitioner the burden of proof, the petitioner "is entitled to have access to this evidence through discovery." *Toney v. Gammon*, 79 F.3d at 700. Habeas corpus petitioners may use discovery to develop facts sufficient to require an evidentiary hearing and even, occasionally, to justify relief without a hearing. *Blackledge v. Allison*, 431 U.S. 63, 80 (1977). The Supreme Court in that case suggested that district court judges order discovery before deciding whether an evidentiary hearing is appropriate whenever the claim on which discovery is sought is not so "'palpably incredible' [or] 'patently frivolous or false' as to warrant summary dismissal". *Id*. at 78. Where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief based on his constitutional claim, a habeas court must allow discovery. *Ward v. Whitley*, 21 F.3d 1355, 1366-1367 (5th Cir. 1994).

Counsel believes that the records of Mr. Cole and Ms. Asaro can most practicably be obtained in one of two ways. First, petitioner's counsel could obtain them by serving a subpoena duces tecum upon the individuals and agencies who possess these records. Second, and alternatively, this Court could issue appropriate orders requiring disclosure of these documents to counsel. To protect the privacy of Mr. Cole and Ms. Asaro, petitioner's counsel would not object to the issuance of an appropriate protective order pursuant to Fed. R. Civ. Pro. 26(c). Likewise, to the extent the state believes it necessary to keep any records pertaining to the McClain homicide confidential, petitioner would accordingly agree to do so. Counsel would also not object to filing any such documents that will be submitted to the Court in connection with the litigation under seal.

WHEREFORE, petitioner moves this Court to grant him leave to conduct the discovery requested herein, and order the clerk to provide petitioner's counsel with the number of subpoenas duces tecum necessary to obtain the records of Henry Cole and Laura Asaro or, issue orders directing the agencies or individuals in possession of these records to promptly provide copies of these records to counsel for petitioner, order disclosure of any records regarding the homicide of Deborah McClain, order disclosure of records pertaining to the searches of petitioner's car, and grant such other and further relief that the court deems fair and just.

13

Respectfully Submitted,

/s/ William C. Odle
Kent E. Gispon, #
William C. Odle, # 30571
305 East 63rd Street
Kansas City, MO. 64113
816/ 363-2795  Fax 816/ 363-2799

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed this 30th day of August, 2006 to Michael Spillane, Office of Attorney General, P.O. Box 899, Jefferson City, Mo 65201.

/s/ William C. Odle
William C. Odle
*Attorney for Petitioner*