UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARCELLUS WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV1474 RWS |
| | ) | |
| DONALD ROPER, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Marcellus Williams has filed a motion for reconsideration of my March 30, 2007 order denying his motions for additional DNA testing and for discovery and for an evidentiary hearing. Williams also filed a motion to strike respondent's filing which specifically objected to further DNA testing. Williams has also filed a third motion for an extension of time in which to file his traverse. For the reasons discussed below, I will deny the motion for reconsideration, deny the motion to strike and grant the motion for an extension of time in which to file his traverse.

Williams was convicted of first degree murder and sentenced to death. The state supreme court affirmed the conviction and sentence on direct appeal, State v. Williams, 97 S.W.3d 462 (Mo.)(direct appeal), cert. denied, 539 U.S. 944 (2003), and also affirmed the denial of post-conviction relief. Williams v. State, 168 S.W.3d 433 (Mo. 2005).

In August 2006 Williams filed a petition for writ of habeas corpus in this court. In support of the habeas petition, Williams filed discovery motions for additional DNA testing of biological trace evidence found at the crime scene (fingernail clippings and hairs) and for

additional criminal and mental health treatment records to impeach two state witnesses (Cole and Asaro) and for information about another allegedly similar crime (the Pagedale murder). Williams also filed a motion for an evidentiary hearing.

I denied the motions for additional discovery and for an evidentiary hearing. I did not find good cause for the discovery requests. I found that there were no material facts in dispute or that had not been adequately developed in a state court hearing. Williams now seeks reconsideration of my order.

In support of his motion for reconsideration, Williams argues that the state's failure to oppose additional DNA testing must result in the grant of his request for additional DNA testing. In response to Williams' motion, Respondent filed a sur-reply specifically objecting to any further DNA testing. Petitioner notes that, from 1989 to date, DNA testing, through the Innocence Project, has exonerated two hundred prisoners nationwide, some of whom had confessed or had been implicated by informants. "The DNA 200," New York Times Week in Review at 14, May 20, 2007. Williams argues that the state has not tested its samples of fingernail clippings or the hairs found on the victim or the rug (the defense experts detected only the victim's DNA in its samples and found that the hairs were not microscopically consistent with petitioner, the victim or the victim's husband). Williams seeks an order compelling Respondent to test the state's samples and to submit the results found to the Missouri and FBI databases for further analysis.

Williams also argues that open access to the state's file is not equivalent to the duty to disclose Brady material, citing Strickler v. Greene, 527 U.S. 263, 289 (1999), and that the state did not say that the prosecutor had complied with the obligation to learn of and disclose

favorable evidence to the defense.  Williams asserts that the information about the state's

witnesses (Cole and Asaro) is critical to their credibility.  These witnesses testified that Williams

had confessed to the crime.  No forensic evidence connected Williams to the crime scene.  (DNA

tests and hair analysis did not match Williams; he notes that juries sometimes ignore DNA tests

that exclude the accused.)  Williams also argues that information about the Pagedale murder is

relevant to his claim of actual innocence (he did not commit the offense charged, the two crimes

are similar, and someone else probably committed both crimes).  Williams notes that the state

post-conviction hearing was very limited (to the claim that trial counsel was ineffective for

failing to allow petitioner to testify during the penalty phase) and argues that an evidentiary

hearing is necessary in this Court to determine whether the state failed to disclose Brady material,

whether trial counsel was ineffective for failing to investigate the state's witnesses, and whether

he is actually innocent of the crime.

At this point the issue before the Court is discovery; the merits of the petition are yet to

be decided.  I will deny Williams' motion for reconsideration of my order denying the requests

for additional discovery and for an evidentiary hearing.  I find that Williams' discovery requests

do not meet the good cause standard applicable in habeas proceedings.  The issues raised in

Williams' motion for reconsideration do not convince me that my previous ruling was in error.

Williams' traverse was originally required to be filed forty-five days after Respondent

filed his response to the show cause order.  Williams traverse should have been filed by January

22, 2007.  Williams has requested and received two extensions of time to file his traverse.

Williams' present (third) motion seeking an extension of time to file his traverse is based on a

presumption that further discovery will be allowed in this case.  The extensions of time have

already extended the filing of Williams' traverse for more than six months.  Because there will not be any further discovery in this matter, Williams shall file his traverse by August 17, 2007.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for reconsideration [#37] is **DENIED**.

**IT IS FURTHER ORDERED that** Petitioner's motion to strike Respondent's sur reply [#40] is **DENIED**.

**IT IS FURTHER ORDERED that** Petitioner's motion for an extension of time to file a traverse [#38] is **GRANTED**.  Petitioner shall file his traverse no later than **August 17, 2007**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th day of July, 2007.