# EXHIBIT 17

## *POLITICAL ACTIVITY AND THE FEDERAL EMPLOYEE*

*Published by*
*U.S. Office of Special Counsel*

*(pages 1-3 of 13)*

Case: 4:05-cv-01474-RWS    Doc. #: 45-4    Filed: 08/31/07    Page: 2 of 4 PageID #: 575

# Political Activity
## and the Federal Employee

The Hatch Act
Its Importance to Federal Employees ........................................................................................ 2
Who Is Covered .............................................................................................................................. 3
Permitted and Prohibited Activities for Employees
Who May Engage in Partisan Activity ...................................................................................... 4
Questions and Answers ................................................................................................................. 5
Permitted and Prohibited Activities for Employees
Subject to Additional Restrictions ............................................................................................ 7
Questions and Answers ................................................................................................................. 8
Designated Communities .............................................................................................................. 10
Penalties ........................................................................................................................................... 10
The Office of Special Counsel ..................................................................................................... 11
Title 5, United States Code Sections 7321-7326 ...................................................................... 12

---

## Important Note

This booklet summarizes the laws, regulations and policies governing the political activities of federal employees and employees of the District of Columbia government. Its intent is to provide a basic overview of permissible and prohibited political activities. Employees should not rely on the opinions of friends or co-workers when they have questions with regard to a specific political activity. Ignorance of the law does not excuse an employee's violation of the Hatch Act. Reliance on incorrect or unofficial information also does not excuse a violation. Employees with additional questions may obtain an advisory opinion by telephoning the Office of the Special Counsel or by submitting their questions, in writing, to the address listed below.

U. S. Office of Special Counsel

www.osc.gov

1730 M Street, N. W., Suite 210
Washington, D.C. 20036-4505
202–254-3650
1-800-854-2824
E-mail: hatchact@osc.gov

---

Rev. December, 2005

Case: 4:05-cv-01474-RWS    Doc. #: 45-4    Filed: 08/31/07    Page: 3 of 4 PageID #: 576

# The Hatch Act
# Its Importance to Federal Employees

The political activity of government employees has been a concern of government officials since the earliest days of the Republic. Thomas Jefferson, the nation's third president, was among the first to express concern about this issue.

In response to Jefferson's concern, the heads of the executive departments issued an order which stated that while it is "the right of any officer (federal employee) to give his vote at elections as a qualified citizen…it is expected that he will not attempt to influence the votes of others nor take part in the business of electioneering, that being deemed inconsistent with the spirit of the Constitution…"

However, despite the concerns of Jefferson and other American statesmen, almost a century and a half elapsed before Congress enacted a comprehensive law regarding the political activities of government employees.

In 1939, Congress approved landmark legislation known as the Hatch Act to limit the political activities of federal employees, employees of the District of Columbia and certain employees of state and local governments. In passing the Hatch Act, Congress determined that partisan activity by federal employees, employees of the District of Columbia government and certain employees of state and local governments must be limited for public institutions to function fairly and effectively. The courts have held that the Hatch Act is not an unconstitutional infringement on employees' first amendment right to freedom of speech because it specifically provides that employees retain the right to speak out on political subjects and candidates.

> **Most federal employees may take an active part in partisan political management and partisan political campaigns.**

In October of 1993, legislation which substantially amended the Hatch Act was signed into law. The Hatch Act Reform Amendments of 1993 permit most federal employees to take an active part in partisan political management and partisan political campaigns. While federal employees are still prohibited from seeking public office in partisan elections, most employees are free to work, while off duty, on the partisan campaigns of candidates of their choice.

2

# Who Is Covered?

All civilian employees in the executive branch of the federal government, except the President and the Vice President, are covered by the provisions of the Hatch Act. Employees of the U. S. Postal Service and the District of Columbia are also covered by the Act.

Part-time employees are covered by the Act. However, employees who work on an occasional or irregular basis or who are special government employees, as defined in title 18 U. S. C. 202(a) are subject to the restrictions only when they are engaged in government business.

## Special considerations for employees appointed by the President by and with the advice and consent of the Senate and employees paid from an appropriation for the Executive Office of the President.

Employees paid from an appropriation for the Executive Office of the President and employees appointed by the President, by and with the advice and consent of the Senate, whose position is located within the United States, and who determine policies to be pursued by the United States in relations with foreign powers or in the nationwide administration of Federal laws may engage in political activity: while on duty; in any government room or building; while wearing a uniform or official insignia; and while using a government vehicle, if the costs associated with the political activity are not paid for by money derived from the Treasury of the United States.

## Employees Subject to Additional Restrictions

Federal employees in the following agencies, divisions or positions are prohibited from engaging in partisan political campaigns or partisan political management:

- Federal Elections Commission
- Federal Bureau of Investigations
- Secret Service
- Central Intelligence Agency
- National Security Counsel
- National Security Agency
- Defense Intelligence Agency
- National Geospatial Intelligence Agency
- Merit Systems Protection Board
- Office of Special Counsel

- Office of Criminal Investigations of the IRS
- Office of Investigative Programs of the U. S. Customs Service
- Office of Law Enforcement of the Bureau of Alcohol, Tobacco, and Firearms
- Criminal Division of the Department of Justice
- Career members of the senior executive service
- Administrative Law Judges
- Administrative Appeals Judges
- Contract appeals board member

See pages 7-9 for a listing of permitted and prohibited activities for these employees.

3