# EXHIBIT 17

## POLITICAL ACTIVITY AND THE FEDERAL EMPLOYEE

*Published by*
*U.S. Office of Special Counsel*

*(pages 10-11 of 13)*

# Designated Communities

**Q. Are there any instances when a federal employee may be a candidate in a partisan election?**

A.  Yes. A special rule applies to local elections in certain communities of Maryland and Virginia near Washington, D. C., and in a few designated municipalities in other parts of the country. In communities designated by the U. S. Office of Personnel Management, federal employee residents (including employees subject to additional restrictions) may run as independent candidates in local elections in the communities where they reside.

**Q. Can a nonpartisan candidacy, i.e., an independent candidacy, be transformed into a partisan candidacy?**

A.  Yes. If evidence is presented that shows that partisan politics enters the campaign of the independent candidate in the designated community, e.g., the employee solicits the endorsement of a partisan group, advertises the endorsement of a political party, or uses the party's resources to further her campaign effort, the independent candidacy can be transformed into a partisan one in violation of the Hatch act.

The communities to which the partial exemption applies are listed below:

**Maryland:** Annapolis, Anne Arundel County, Berwyn Heights, Bethesda, Bladensburg, Bowie, Brentwood, Calvert County, Capitol Heights, Cheverly, Chevy Chase Village, Martin Additions, Chevy Chase sections 3 and 4, Chevy Chase View, College Park, Cottage City, District Heights, Edmonston, Fairmont Heights, Forest Heights, Frederick County, Garrett Park, Glenarden, Glen Echo, Greenbelt, Howard County, Hyattsville, Kensington, Landover Hills, Montgomery County, Morningside, Mount Rainier, New Carrollton, North Beach, North Brentwood, North Chevy Chase, Northwest Park, Prince Georges County, Riverdale, Rockville, Seat Pleasant, Somerset, Takoma Park, University Park, Washington Grove, Saint Mary's County.

**Virginia:** Alexandria, Arlington County, Clifton, Fairfax County, City of Fairfax, Falls Church, Herndon, Loudon County, Manassas, Manassas Park, Portsmouth, Prince William County, Vienna, Spotsylvania County, Stafford County.

**Others:** Anchorage, AK; Benecia, CA; Bremerton, WA; Centerville, GA; Crane, IN; Elmer City, WA; Huachuca City, AZ; New Johnsonville, TN; Norris, TN; Port Orchard, WA; Sierra Vista, AZ; Warner Robins, GA.

**Q. What is the basis for granting partial exceptions from Hatch Act restrictions to the residents of certain communities?**

A.  Upon request, the partial exemption is granted by the Office of Personnel Management, under certain conditions, to communities in which large numbers of voters are employed by the federal government. The exemption recognizes that in such communities the interest of the community and the federal employee may allow such direct participation in local government.

**Q. How does this special right differ from the general restriction that applies to all federal employees?**

A.  Under the general restriction, federal employees cannot be candidates for a public office in partisan elections. In an excepted community employees may run as independent candidates against partisan political candidates.

# Penalties for Violation

**Q. What is the penalty for violating the Hatch Act?**

A.  For covered federal employees and District of Columbia government employees, the most severe penalty for violation is removal. The minimum penalty is suspension without pay for 30 days.

**Q. Where is the law found that restricts political activity of federal and District of Columbia government employees?**

A.  Title 5 of the United States Code, Sections 7321-7326 and Title 5 of the Code of Federal Regulations parts 733 and 734.

10

# The Office of Special Counsel

## Procedures

The Office of Special Counsel (OSC) is responsible for investigating reports or complaints concerning Hatch Act violations committed by covered federal employees and by employees of the District of Columbia government.

If an investigation uncovers evidence of a violation of the law and OSC determines that the violation warrants prosecution, a written complaint for disciplinary action is filed with the U. S. Merit Systems Protection Board (MSPB). A copy of the complaint is served on the charged employee. Full opportunity is provided to contest the charges, including a right to a hearing before the MSPB. The employee may be represented by counsel at all stages of the proceedings.

After consideration of the entire record, the MSPB will notify the employee and the employing agency of its decision. If the MSPB finds that the employee has violated the law, the maximum penalty that can be imposed is removal from government service. The minimum penalty that can be assessed is suspension without pay for 30 days.

## Briefings

In an effort to better acquaint federal employees with the provisions regarding political activity, OSC attorneys are available to brief groups of federal employees on the Hatch Act.

## Advisories

Additionally, employees may obtain answers to specific questions regarding political activity by calling OSC at 800-85-HATCH (854-2824) or 202-254-3650. Requests for written advisories may be made to:

U. S. Office of Special Counsel
1730 M Street, NW
Suite 218
Washington, DC 20036
E-mail: **hatchact@osc.gov**
Homepage: **http://www.osc.gov**