## IN THE UNITED STATES DISTRICT
## FOR THE EASTERN DISTRICT OF MISSOURI

MARCELLUS WILLIAMS,     )
                     )
       **Petitioner,**    )
                     )
**v.**                  )     **Case No. 4:05-CV-1474-RWS**
                     )
**DONALD ROPER,**     )
                     )
       **Respondent.**   )

### PETITIONER'S SUGGESTIONS IN OPPOSITION TO RESPONDENT'S RULE 59(e) MOTION

Petitioner respectfully submits this memorandum in opposition to the State's Motion to Alter and Amend the Court's March 26, 2010 Memorandum and Order in which the Court granted sentencing relief on Petitioner's Sixth Habeas Ground.

### I.  Legal Standard

As Respondent concedes, motions for reconsideration serve a *limited* function: "correct[ing] manifest errors of law or fact" or "present[ing] newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006); *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).  The Rule 59(e) remedy is not ordinarily employed by courts.

Rather, it is an extraordinary remedy to be employed sparingly.  This Court has previously noted that "[t]he Rule 'is not intended to routinely give litigants a second

1

bite at the apple, but to afford an opportunity for relief in extraordinary circumstances.'" *Jones v. Steele*, 2010 U.S. Dist. LEXIS 14433 at \*11 (E.D. Mo. 2010) *citing to Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Of particular significance to Respondent's request herein, a party filing a Rule 59 motion may be tardy in raising arguments, and thus, may have their Rule 59 arguments subject to a waiver by the court.  As noted by the Eighth Circuit, "[s]uch motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933.  As this Court correctly described in *Jones v. Steele*, 2010 U.S. Dist. LEXIS 14433 at \*11:  "The habeas context is no exception to the prohibition on using a Rule 59(e) motion to raise new arguments that could have and should have been made before the court entered final judgment. *See e.g.*, *Bannister v. Armontrout*, 4 F.3d 1434, 1440 (8th Cir. 1993)." *See also Williams v. Norris*, 461 F.3d 999, 1004 (8th Cir. 2006) (applying waiver in the habeas context post-AEDPA).

## II.  INTRODUCTORY STATEMENT

Respondent's 59(e) motion asks this Court to take the extraordinary step of reversing its well reasoned decision granting petitioner penalty phase relief because, in respondent's view, the Court's judgment rests upon "manifest errors of law or fact."

Respondent's primary argument is that the Court either erroneously refused to apply or misapplied the standard of review provisions of 28 U.S.C. § 2254(d) to various aspects of petitioner's ineffectiveness claim under *Wiggins v. Smith*, 539 U.S. 510 (2003). Respondent's fallback position is that it was not prudent for this Court to grant habeas relief on petitioner's claim without holding an evidentiary hearing, a position that constitutes a 180 degree reversal from respondent's prior arguments before the judgment was entered that petitioner was not entitled to a hearing. *See Harris v. Lefler*, 553 F.3d 1028, 1035 (6th Cir. 2009) (rejecting state's belated request for an evidentiary hearing made on appeal after petitioner prevailed on *Brady* claim before the district court.).

Respondent's motion to alter or amend the judgment should be denied for numerous reasons. First and foremost, this Court's judgment regarding *Wiggins* rests upon sound, well-settled legal principles and should not be disturbed because there were no mistakes of law or fact. Respondent simply disagrees with this Court's application of those principles. Second, respondent belatedly raises new factual and legal arguments that could and should have been advanced in prior pre-judgment pleadings involving evidence presented in state post-conviction proceedings and the state courts' reasoning in deciding petitioner's *Wiggins* claim. *Williams*, 461 F.3d at 1004 (Rule 59(e) motion should not be used to make an argument that could

3

reasonably have been made earlier); *Bannister*, 4 F.3d at 1440 (same); *Jones v. Steele*, 2010 U.S. Dist. LEXIS 14433 at *11 (same).

If the "shoe was on the other foot" and petitioner had raised new arguments or legal grounds for overturning this Court's judgment, respondent would argue and this Court would be bound under existing law to reject those arguments for the aforementioned waiver basis, as well as a procedural bar or abuse of the writ grounds. *See Bannister v. Armontrout*, 807 F. Supp 516, 556-560 (W.D. Mo. 1991). Procedural rules in habeas corpus actions should be a two-way street and respondent, as a well-represented party in a civil action, can waive arguments. Waiver is the "intentional relinquishment of a known right" which "may be inferred from a party's conduct." *Smith v. Chase Group, Inc.*, 354 F.3d 801, 807 (8th Cir. 2004). As a matter of law, the failure to raise an argument until a Rule 59(e) motion is a waiver. *McGuire v. Davidson Mfg. Co.*, 398 F.3d 1005, 1009 (8th Cir. 2005); *See*, *e.g.*, *Ford v. Norris*, 67 F.3d 162, 165-166 (8th Cir. 1995). (State waives affirmative defenses such as procedural default by not advancing those arguments in the district court before judgment). Respondent waived the majority of his rule 59 arguments by advancing factual and legal arguments defending the state court decisions below that could have and should have been raised in his response to the order to show cause.

As a practical matter, respondent wants a second bite of the apple based on factual and/or legal theories it could have presented to this Court.  If this Court's error were at all "manifest," one would certainly have expected respondent to vociferously argue these "new" theories before it lost on the merits.  Instead, it waited until after judgment.

Finally, the 59(e) motion should be denied because respondent is estopped from arguing that an evidentiary hearing is now required after an adverse judgment because he previously argued successfully before this Court that an evidentiary hearing was unnecessary.  (*See* Doc. 22 (Show Cause Response) at p.44).  The doctrine of judicial estoppel prohibits a party from taking inconsistent positions in the same or related litigation. *See Wyldes v. Hundley*, 69 F.3d 247, 251 n.5 (8th Cir. 1995). The doctrine of judicial estoppel provides that when "a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quotation omitted).  This rule "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000).  The purpose of the doctrine is to protect the

5

integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment. *New Hampshire*, 532 U.S. at 749-50; *Total Petroleum, Inc. v. Davis*, 822 F.2d 734, 737 n.6 (8th Cir. 1987); *Monterey Dev. Corp. v. Lawyer's Title Ins. Corp.*, 4 F.3d 605, 609 (8th Cir. 1993).

Respondent's 59(e) motion raises five separate, but intertwined, arguments seeking of reconsideration of this Court's Order and Judgment. Petitioner will address these arguments, in turn, in the sections below.

### III.  THIS COURT CORRECTLY SUBJECTED THE ISSUE OF *STRICKLAND* PREJUDICE TO *DE NOVO* REVIEW.

Respondent's first line of attack against this Court's judgment is the contention that this Court should have, despite the Missouri Supreme Court's failure to address the issue, subjected the *Strickland* prejudice component of petitioner's *Wiggins* claim to review under the lens of 2254(d). This alleged oversight, according to respondent, constitutes reversible error.  (Doc. 60 (Rule 59) at 1-3).  Respondent's argument is meritless.

The Missouri Supreme Court's decision denying post-conviction relief on petitioner's *Wiggins* claim clearly rests upon its independent finding that counsel's performance was not deficient because it constituted a reasonable trial strategy of pursuing a residual doubt theory to avoid the death penalty.  *Williams v. State*, 168 S.W.2d 433, 443 (Mo. banc 2005).  As an afterthought, the Supreme Court also noted

6

that the 29.15 motion court had found that this same trial strategy justified counsel's performance and that the excluded evidence "would not have changed the jury's sentence." (*Id*.). Because the Missouri Supreme Court did not address the issue of *Strickland* prejudice in reaching its decision, *de novo* review was appropriate. *See*, *e.g.*, *Dickerson v. Bagley*, 453 F.3d 690, 697 (6th Cir. 2006); *See also Porter v. McCollum*, 558 U.S. _____, 130 S.Ct. 447, 451-452 n.6 (2009) (Reviewing issue of *Strickland* performance *de novo* notwithstanding state courts' "stray comments" that counsel "was not ineffective for failing to pursue mental evaluations").

In that circumstance, this Court appropriately applied a *de novo* review. Rather than being an outlier as Respondent suggests, this conforms with United States Supreme Court authority as well as authority from the Eighth Circuit. The United States Supreme Court consistently applies *de novo* in this circumstance. *See Porter*, 130 S.Ct. at 452 ("Because the state court did not decide whether Porter's counsel was deficient, we review this element of Porter's *Strickland* claim *de novo*."); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) ("In this case, our review is not circumscribed by a state court conclusion with respect to prejudice, as neither of the state courts below reached this prong of the *Strickland* analysis."); *Rompilla v. Beard*, 545 U.S. 374, 390 (2005) ("Because the state courts…never reached the issue of prejudice…we examine this element of the…claim *de novo*…"). The Eighth Circuit also consistently applies *de*

7

*novo* review in this situation. *See Middleton v. Roper*, 455 F.3d 838, 856 (8th Cir. 2006); *Taylor v. Bowersox*, 329 F.3d 963, 967-68 (8th Cir. 2003).

Respondent also raises a second related argument that this Court should have "looked through" the Missouri Supreme Court's opinion denying petitioner's *Wiggins* claim and reviewed the state post-conviction motion court's *Strickland* prejudice analysis for reasonableness under 2254(d) of AEDPA. (Doc. 60 at 2-3). This argument should be rejected for several reasons. First, respondent waived this argument by failing to advance this argument in his response to the show cause order. (Doc. 22 at 30-32). In his response to the show cause order, counsel for respondent cited the Missouri Supreme Court opinion verbatim and argued that its opinion is reasonable under 2254(d). (*Id.*). Respondent did briefly cite the 29.15 motion court's decision finding that trial counsel's performance was not deficient because it was based upon a reasonable trial strategy of pursuing a residual doubt defense. (*Id.* at 31-32). Nowhere in his show cause response did respondent argue that the 29.15 motion court's *Strickland* prejudice analysis should be subjected to review under 2254(d). (*Id.*). Because this argument could and should have been raised prior to judgment but was not, it cannot now be raised. *Williams*, 461 F.3d at 1004; *Bannister*, 4 F.3d at 1440; *Jones v. Steele*, 2010 U.S. Dist. LEXIS 14433 at *11.

8

In his 59(e) motion, respondent also extensively cites portions of the trial transcripts and post-conviction transcripts in making the argument that petitioner was not prejudiced by counsel's failure to present mitigating evidence. (59(e) Mtn. 3-14). None of these issues were brought to the court's attention in respondent's show cause response. Thus, under settled case law, respondent is precluded from making arguments in a post-judgment motion that could have reasonably been raised earlier. *Williams*, 461 F.3d at 1004; *Bannister*, 4 F.3d at 1440; *Jones v. Steele*, 2010 U.S. Dist. LEXIS 14433 at *11.

The second reason to reject respondent's argument that this Court should look through the Missouri Supreme Court's decision and review the 29.15 motion court's decision for reasonableness under 2254(d) is the fact that the "look-through" rule applies only when a higher state court issues a summary unexplained denial of a constitutional claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). Since the Missouri Supreme Court did not address the prejudice prong of petitioner's *Wiggins* claim, it is not appropriate under *Nunnemaker* to look behind that decision when applying 2254(d). *See Liegakos v. Cooke*, 106 F.3d 1381, 1385(7th Cir. 1997) (reviewing claim *de novo* when state appellate court wrongly imposed a procedural default and lower state court had addressed the merits).

### IV.  THIS COURT CORRECTLY FOUND THAT PETITIONER IS ENTITLED TO HABEAS RELIEF UNDER 2254(d) BECAUSE THE

**MISSOURI SUPREME COURT'S DECISION FINDING THAT TRIAL COUNSEL HAD A REASONABLE TRIAL STRATEGY BASED ON RESIDUAL DOUBT IS CONTRARY TO AND INVOLVED AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW AND RESTED ON AN UNREASONABLE DETERMINATION OF THE FACTS.**

In attacking this Court's 2254(d) analysis of the Missouri Supreme Court's *Strickland* performance decision, respondent, once again, advances factual and legal arguments that were conspicuously absent from his show cause response. (Doc. 60 at 7-15). In this regard, respondent argues, among other things, that the 29.15 testimony of trial counsel, on issues unrelated to the *Wiggins* claim because no hearing was granted on that issue in state court, indicated that they also had a tactic of portraying petitioner as a loving father and family man. (*Id*. at 7-9). Apart from the fact that these facts were not advanced by respondent prior to judgment, this argument is logically inconsistent with other arguments respondent makes in defending the state decisions, that presenting mitigation evidence regarding petitioner's troubled background and history would have been inconsistent with a residual doubt theory, suggesting that the use of such evidence in seeking mercy would be tantamount to a concession of guilt. (*Id*.). Social history evidence regarding a capital defendant's positive traits would also, under respondent's tortured logic, conflict with a residual doubt defense for the same reason.

Petitioner amply demonstrated in his habeas petition and his traverse that the Missouri Supreme Court's decision finding that counsel reasonably pursued a residual doubt tactic during the penalty phase was based upon an unreasonable determination of the facts because no such arguments were ever made by counsel during that phase of the proceeding. (*See* Doc. 9 (Petition) pp. 78-84; Doc. 45 (Traverse) pp.66-71). This Court quite thoroughly considered the record and applied *Wiggins*. (Doc. 59 (Order) pp. 29-32).

Respondent also suggests for the first time in his 59(e) motion that Joseph Green's affidavit should not be considered because it was purportedly stricken from the record by the 29.15 motion court. (Doc. 60 at 11). This purported procedural infirmity in the state proceeding was never brought to the court's attention by respondent before judgment was entered. (*See* Doc. 22). In addition, it was clearly appropriate for this Court to consider this affidavit in light of the fact that no state court evidentiary hearing was granted, the affidavit was part of the record on appeal before the Missouri Supreme Court (29.15 L.F. 826-833) and, there is no indication that either respondent moved to strike this affidavit from the record on appeal or that the Missouri Supreme Court refused to consider it in deciding petitioner's *Wiggins* claim. *See Antwine v. Delo*, 54 F.3d 1357, 1361 (8th Cir. 1995). Further, respondent filed the record with the Court, and included the affidavit.

11

In a final act of desperation, respondent repeatedly argues in his 59(e) motion that it was inappropriate for this Court to grant habeas relief without holding an evidentiary hearing.[1] (Doc. 60 at pp.7 n.2, 9-14). As noted earlier, this position expressly contradicts respondent's argument in the show cause response that an evidentiary hearing was not warranted. (Doc. 22 p.44). Under the doctrines of waiver and judicial estoppel, respondent's belated request for an evidentiary hearing should be rejected. *Harris v. Lefler*, 553 F.3d 1035 (6th Cir. 2009) (warden waived arguments regarding evidentiary hearing); *Wyldes*, 69 F.3d at 251 n.5 (judicially estopped); *Total Petroleum, Inc.*, 822 F.2d at 737 n.6 (same); *Monterey Dev. Corp.*, 4 F.3d at 609 (same).

Petitioner specifically moved for an evidentiary hearing. *See* Doc. 16. Respondent opposed this request. (Doc. 22 p.44). This Court recognized that opposition: "The state also argues that the motion for an evidentiary hearing should be denied because it can be determined from the record that the claims are without merit or procedurally barred, and because petitioner failed to fully develop the record in state

---

[1] Contrary to respondent's arguments, federal courts routinely grant relief on *Wiggins*-type claims based upon affidavits where no hearing was held in either state or federal court. For instance, this practice is common in the Sixth Circuit because Ohio's condemned prisoners rarely receive post-conviction hearings in state court. *See, e.g., Johnson v. Mitchell*, 585 F.3d 923, 939-945 (6th Cir. 2009); *See also, Frazier v. Huffman*, 343 F.3d 780 (6th Cir. 2003).

court, 28 U.S.C. § 2254e).” (Doc. 34 (Order) p. 13).  This Court accepted respondent's arguments noting that while "Petitioner was diligent in raising the issues and seeking to develop the facts in the state courts…I believe petitioner's habeas claims can be resolved by careful review of the record without an evidentiary hearing. As a result, the motion for an evidentiary hearing will be denied." *Id.* at p. 16.  Having previously carried the day, respondent cannot now be heard to complain based on the current exigencies.

## V.   THIS COURT CORRECTLY FOUND THAT THE STATE COURT'S TRIAL STRATEGY FINDING WAS CONTRARY TO *WIGGINS*.

Respondent's final argument in his 59(e) motion is that the Court erred in finding that the Missouri Supreme Court's trial strategy finding was contrary to *Wiggins*, despite the fact that *Wiggins* involved a remarkably similar factual pattern where the United States Supreme Court granted habeas relief to a death row inmate under the standard of review provisions of 2254(d).  (Doc. 60 at 14-15).  In *Williams v. Taylor*, 529 U.S. 362, 405 (2000), the Court held that a state decision is contrary to clearly established federal law where the court reached a decision opposite to that reached by the Supreme Court on materially indistinguishable facts. *Id*.  This is clearly the case here.

At the commencement of the habeas proceedings, petitioner quite clearly noted his similarities to the facts from *Wiggins*.  Indeed, his Sixth Habeas Ground frequently

13

cites to and relies upon *Wiggins*. (*See* Doc. 9 (Petition) at 69-71, 80-83). In spite of petitioner's express reliance on *Wiggins*, respondent offered absolutely **no** arguments regarding *Wiggins*. (*See* Doc. 22 at 30-32). As a result, all of respondent's current arguments are waived, because they could and should have been raised earlier. *Williams*, 461 F.3d at 1004; *Bannister*, 4 F.3d at 1440; *Jones v. Steele*, 2010 U.S. Dist. LEXIS 14433 at *11.

Setting that aside, respondent only appears to "nit pick" at a few minor and immaterial distinctions between *Wiggins* and this case (Doc. 60 at 14-15), despite the fact that in both cases trial counsel failed to conduct a reasonable investigation into a capital defendant's background by purportedly electing to rely on a residual doubt defense. (Doc. 58 (Order) at 30-31 (noting similarities with *Wiggins*); *Wiggins*, 539 U.S. at 526. Like this case, trial counsel in *Wiggins* also did not emphasize "residual doubt" and presented a "half-hearted mitigation case." *Id.* at 526-527.

Moreover, for reasons petitioner advanced in his traverse and supplemental traverse, there were other glaring flaws in the Missouri Supreme Court's decision on both performance and prejudice that involved an unreasonable application of *Wiggins* and an unreasonable application of the facts. (Trav. 63-73). Thus, even if the Court's "contrary to" analysis, for the sake of argument was mistaken, it is clear that the Court reached the right result by properly applying the "unreasonable application" standard

of review under 2254(d)(1) and (2) in finding that petitioner was entitled to habeas relief. *See White v. Roper*, 416 F.3d 728, 732-733 (8th Cir. 2005) (Finding that a district court's single mistake in articulating *Strickland* test is not reversible error in light of the fact that the court clearly reached the right result under prevailing legal standards).

## CONCLUSION

Respondent's 59(e) motion should be denied.

Respectfully submitted,


/s/ *Kent E. Gipson*
KENT E. GIPSON, Mo. Bar #34524
301 East 63rd Street
Kansas City, Missouri 64113
816-363-4400 / fax 816-363-4300
kent.gipson@kentgipsonlaw.com


*/s/ Laurence E. Komp*
LAURENCE E. KOMP, Mo. Bar #84430
E.D. Mo. No. 5212907
P.O. BOX 1785
Manchester, MO 63011
636-207-7330 / fax 636-207-7351
lekomp@swbell.net

ATTORNEYS FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed and sent to the following counsel of record for Respondent, via the ECF system on this 11th day of May, 2010.

Michael Spillane
Assistant Attorney General
P.O. Box 899
Jefferson City, Missouri 65102

/s/Kent E. Gipson
Attorney for Petitioner