**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| MARCELLUS WILLIAMS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 4:05CV 1474 RWS |
| | ) | |
| DONALD ROPER, | ) | |
| Respondent. | ) | |

**REPLY TO PETITIONER'S SUGGESTIONS IN OPPOSITION TO
RESPONDENT'S RULE 59(e) MOTION**

Williams asserts in his Suggestions in Opposition to the 59(e) motion that "Because the Missouri Supreme Court did not address the issue of *Strickland* prejudice in reaching its decision *de novo* review was appropriate." (Document 63 at 7)  In his traverse however Williams argued that, "the opinion of the state court that this omitted evidence would not have changed the jury's sentence is contrary to the *Strickland* prejudice test." (Document 45 at 71)  Williams also argued that in "assessing the question of prejudice, albeit in a very cursory manner the Missouri Supreme Court only explicitly addressed and considered evidence of petitioner's 'abusive childhood'." (Document 45 at 71)

In short, there was no question that the Missouri Supreme Court conducted analysis on the prejudice prong of the *Strickland* claim, and Williams attacked that analysis claiming that it was either contrary to *Strickland* itself, or unworthy of deference because it explicitly referenced only "abusive childhood" evidence but did not specifically mention "childhood sexual abuse" or alleged post-traumatic stress disorder allegedly resulting from that alleged abuse- a transparently weak argument-. (Document 45 at 71)  Now, realizing that this Court

1

apparently overlooked the prejudice analysis conducted by the Missouri courts, Williams for the first time takes the position that the prejudice analysis, which he recognized and criticized in his traverse, never really happened.

Williams also alleges that Respondent has somehow waived the deference due to the reasonable decision of the post-conviction review court, permitting *de novo* review of the *Strickland* prejudice prong, if this Court accepts Williams' new view that the Missouri Supreme Court never addressed the prejudice prong of *Strickland*. (Document 63 at 8) Respondent set out the findings of the post-conviction court and described them as reasonable (Response to Show Cause Order at 31-32). As there was apparently no question that the Missouri Supreme Court addressed both prongs of the *Strickland* claim Respondent referred to the decision of the Missouri Supreme Court as entitled to deference under 28 U.S.C. §2254(d). (*Id* at 32) But the record cannot be stretched to argue that Respondent "waived" this Court's use of the proper standard of review of the post-conviction court decision if this Court disagreed that the Missouri Supreme Court decision addressed both prongs of the claim, nor could Respondent make such a waiver. The statutory standard of review under 28 U.S.C. §2254(d) is what it is. Respondent cannot change it, nor can Williams.

Respondent asserted in the response to this Court's show cause order that the decision of the Missouri Supreme Court was reasonable and entitled to deference stating that "it cannot be said that counsel's action was objectively unreasonable or that presenting obviously inconsistent positions would have created a reasonable probability the verdict would have been different." (Respondent to Show Cause Order at 32) In the Rule 59(e)

2

motion Respondent referenced specific parts of the record supporting the decision of the Missouri Supreme Court on both the competence and prejudice prong of its *Strickland* decision.   Respondent referred to nothing that was not already before this Court in supporting the assertion that this Court's rejection of the Missouri Supreme Court decision contained errors of law and fact.

Williams condemns the motion to alter or amend by asserting that "respondent belatedly raises new factual and legal arguments that could have and should have been advanced in pre-judgment pleadings." (Document 63 at 3).   That assertion is inaccurate. Respondent is making the same argument he has always made, that the decisions of the Missouri courts are objectively reasonable in rejecting Williams' claim under *Strickland v. Washington*, 466 U.S. 668 (1984).   Respondent has a duty to point out perceived errors of law or fact by this Court in addressing this claim, and has done so.   That is not an improper or a different argument.   One cannot identify perceived errors in a decision before the decision issues.

Williams also argues that Respondent is taking an inconsistent position by arguing that it would be error to grant a habeas petition on this record absent a hearing. (Document 63 at 12-13)  Respondent stated the following in the response to the Show Cause Order in addressing the claim for a hearing. "All Williams' claims are without legal merit, and this can be determined from the record, or are procedurally barred.   No hearing would be appropriate even if 28 U.S.C. §2254(e) did not control. *Wilson v. Kemna*, 12 F.3d 145, 146 (the Cir. 1994) (no hearing is required when the record makes clear claims are barred from review or without merit)." (Response to Show Cause Order at 44)

There is nothing inconsistent between the position that Williams' claims are so clearly without merit that they should be denied based on the existing record, and the assertion that a hearing would be necessary for relief to be granted. In order to prevail Williams would have to overcome the presumption that his counsel's actions were reasonable trial strategy ad the presumption of correctness of 28 U.S.C. §2254(e). All that is necessary for Respondent to prevail without a hearing is the conclusion that Missouri Supreme Court decision was not objectively unreasonable. There is no inconsistency involved.

The Motion to Alter or Amend should be granted.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

/s/Michael J. Spillane

**MICHAEL J. SPILLANE**
Assistant Attorney General
Missouri Bar No. 40704
P.O. Box 899
Jefferson City, MO 65102
Telephone: (573) 751-7406
Facsimile: (573) 751-2096

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing document was electronically filed 18th day of May, 2010, and should be sent by this Court's electronic filing system to:

Kent E. Gipson#34524
301 East 63rd Street
Kansas City, MO 64113

Laurennce E. Komp#84430

PO BOX 1785
Manchester Mo. 63101
/s/Michael J. Spillane

_____
Michael J. Spillane