UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCELLUS WILLIAMS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>DONALD ROPER, )<br>)<br>Respondent. ) | Case No. 4:05CV1474 RWS |

## **MEMORANDUM AND ORDER**

Petitioner Marcellus Williams is a state prisoner who has been sentenced to death for the first degree murder of Felicia Gayle. Williams has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing the record in this matter I found that Williams' trial counsel was constitutionally ineffective in the penalty phase of his trial. Respondent has filed a motion under Rule 59(e) of the Federal Rules of Civil Procedure challenging that conclusion and requesting that my judgment be altered or amended.

In my Order of March 25, 2010, I found that Williams' trial counsel was constitutionally ineffective for failing to thoroughly investigate Williams' background in search of mitigation evidence. In reaching my decision, I relied on the United States Supreme Court's decision in Wiggens v. Smith, 539 U.S. 510, 522 (2003). In Wiggins, the Supreme Court has clearly stated the requirement that counsel has the duty to thoroughly investigate a defendant's background in preparing a death penalty case. A failure to do so establishes an ineffective assistance of counsel claim. I also concluded that the presentation to a jury of mitigating evidence of Williams' background was essential to attempt to provide some sort of explanation for Williams' murder of

Ms. Gayle relying on the holding in Simmons v. Luebbers, 299 F.3d 929, 938 (8th Cir. 2002). Inherent in my conclusion on this issue is that Williams' counsel's failure to conduct a thorough investigation and to put on mitigation evidence was prejudicial to Williams.

In Wiggins, the Court held that a limited investigation into potential mitigating evidence cannot be justified as a tactical decision which results in counsel's failure to present mitigating evidence at sentencing in order to pursue an alternative strategy instead. Id. at 521. (A failure of counsel to "uncover and present voluminous mitigating evidence at sentencing cannot be justified as a tactical decision to" focus instead on another ground to avoid the death penalty.) The Court also noted that deference to a strategic choice of trial counsel is virtually unchallengeable but only if the choice is made *after* a thorough investigation of the law and facts relevant to the plausible options. Id. at 521 (citing Strickland v. Washington, 466 U.S. 668, 690-691 (1984).

The Missouri courts failed to address Williams' claim that his counsel was ineffective for failing to thoroughly investigate Williams' background in search of mitigation evidence. Instead, the courts held that Williams' counsel's failure to present this mitigating evidence was a strategic decision. (Resp't Ex. 33 at 802.) As I stated in my Order, this ruling completely ignored the holding in Wiggins.

In its Rule 59(e) motion, the state reasserts its position that the state courts' conclusion on this issue was objectively reasonable. It is not. As stated in my Order, Williams' counsel's limited investigation into potential mitigating evidence cannot be justified as a tactical decision which resulted in counsel's failure to present mitigating evidence at sentencing in order to pursue an alternative strategy. See Wiggins, 539 U.S. at 521.

Alternatively, the state asserts that I should not have relied upon Williams' trial counsel's (Joseph Green) affidavit in reaching my decision because it was stricken from the record by post-conviction court. This issue was never raised by the state before my judgment was entered. This argument should have been raised previously and is not a proper argument under Rule 59(e).[1] See United States v. Metropolitan St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006)("It should be noted that Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. (internal quotations and citation omitted)). Similarly, the state's assertion that I should have held an evidentiary hearing is also improper under Rule 59(e). Not only did the state fail to request an evidentiary hearing it actively opposed such a hearing.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent's motion to alter or amend the judgment [# 60] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of June, 2010.

---

[1] In addition, the affidavit was part of the record on appeal before the Missouri Supreme Court and there is no evidence that the court refused to consider it.