# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| MARCELLUS WILLIAMS, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV01474RWS |
| | ) | |
| DONALD ROPER | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION FOR EVIDENTIARY HEARING

COMES NOW petitioner, by and through counsel, and moves this Court, pursuant to Rule 8 of the Rules Governing § 2254 Cases, to grant an evidentiary hearing in the above-captioned capital habeas case. In support of this motion, petitioner states the following grounds:

1.  In this capital habeas action, petitioner filed a one hundred fifteen page petition for a writ of habeas corpus, supported by exhibits, advancing thirteen claims for relief from his conviction and sentence of death. With the exception of Claim Nos. 5, 9, 11, and 13,[1] petitioner's claims for relief advance claims of prosecutorial misconduct, ineffective assistance of counsel, and innocence,

---

[1] An evidentiary hearing is not necessary on these four issues because they involve claims of trial error that were raised in petitioner's direct appeal.

which were denied by the state courts during petitioner's Rule 29.15 proceeding without a hearing.  Because the state courts failed to grant petitioner a hearing on these claims for relief, the factual record has never been fully developed to support these claims.

2.    The decision of whether to grant an evidentiary hearing where there are material facts in dispute is generally at the discretion of the district court judge. *Townsend v. Sain,* 372 U.S. 293, 312 (1963); *see also* Rule 8, Rules Governing § 2254 Cases.  A judge's discretion to grant a hearing, however, has been significantly limited by 28 U.S.C. § 2254(e)(2) of the A.E.D.P.A. *See Williams v. Taylor,* 529 U.S. 420 (2000).

3.    Section 2254(e)(2) precludes district courts from holding a hearing, absent very strict exceptions, "[i]f the applicant has failed to develop the factual basis of a claim in state court proceedings..."  The Supreme Court has held that this provision does not preclude a hearing in situations where a habeas petitioner diligently attempted to develop claims in state court, but was unable to do so due to no fault of his own. *Williams,* 529 U.S. at 430-434. The Supreme Court further stated that "[d]iligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437.

2

Case: 4:05-cv-01474-RWS   Doc. #: 104-4   Filed: 08/02/17   Page: 3 of 6 PageID #:
Case: 4:05-cv-01474-RWS   Doc. #: 16   Filed: 10/12/06   Page: 3 of 6 PageID #: 306
1241

4.   The state court record in this case indicates beyond any doubt that state post-conviction counsel were extraordinary diligent in attempting to develop the claims in state court and in seeking an evidentiary hearing under state law. Rule 29.15 counsel filed a detailed motion for post-conviction relief before the state trial court and explicitly asked for an evidentiary hearing on the issues raised in the motion.  (29.15 L.F. 291-294).  The trial court denied a hearing without explanation on all of petitioner's claims, except the claim alleging ineffectiveness of counsel in failing to call petitioner as a witness at the penalty phase of trial, a claim that has not been raised in the present § 2254 action.  (29.15 L.F. 483-484).  Both before and after the motion court denied an evidentiary hearing, state post-conviction counsel were also extraordinarily diligent in seeking to develop the facts to support their claims for relief.  Counsel repeatedly sought discovery, issued subpoenas to obtain documentary evidence, and utilized other discovery mechanisms available to them to attempt to develop petitioner's claims for relief.  (29.15 L.F. 42-55, 61-64, 364-365, 367-380, 409-471, 485-488).  However, they were thwarted at every turn by the rulings of the state post-conviction motion court.  (*Id.* 381, 390, 403, 750-756).

5.   After the motion court issued its final judgment, 29.15 motion counsel filed a post-judgment motion for reconsideration pursuant to Missouri Supreme Court

3

Case: 4:05-cv-01474-RWS   Doc. #: 104-4   Filed: 08/02/17   Page: 4 of 6 PageID #:
Case: 4:05-cv-01474-RWS   Doc. #: 16   Filed: 10/12/06   Page: 4 of 6 PageID #: 307
1242

Rule 75.01, alleging that the motion court erred in denying relief without a hearing. (29.15 L.F. 817-937). The motion court's failure to grant a hearing was also raised by petitioner by his state appellate counsel during his 29.15 appeal. In light of this chronology, it is not a close question that petitioner acted diligently in seeking to develop his claims and in seeking an evidentiary hearing during state post-conviction proceedings. Thus, a hearing is not precluded by 2254(e)(2). *See Williams v. Schriro,* 423 F.Supp.2d 994, 1005-1007 (D.Az. 2006) (granting evidentiary hearing in capital habeas case on a *Brady* claim finding that petitioner acted diligently by requesting investigation, attaching documents in support of this claim to his state court petition, and by requesting a hearing in state court).

6.  Having shown there is no procedural impediment to a hearing under 2254(e), a hearing is required if the petition raises "sufficient grounds for relief, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Houston v. Lockhart,* 982 F.2d 1246, 1250 (8th Cir. 1993). It cannot be seriously disputed that petitioner in the present action has raised substantial, non-frivolous grounds that his conviction and sentence of death were imposed in violation of the Constitution. It is also beyond dispute that the state courts never granted a hearing on most of these claims and, as a result, an evidentiary

4

hearing is necessary to develop a factual record so that this Court may decide these issues in a thorough and fair manner.

WHEREFORE, for all the foregoing reasons, petitioner respectfully requests that this Court grant him an evidentiary hearing on his claims of prosecutorial misconduct, ineffective assistance of counsel, and the substantive and procedural issues involving his claim of actual innocence.

Respectfully submitted,

/s/ Kent E. Gipson
KENT E. GIPSON
Attorney at Law
305 E. 63rd Street
Kansas City, MO  64113
816/363-2795 ! Fax 816/363-2799
*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2006, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Michael Spillane
Office of the Attorney General
P.O. Box 899
Jefferson City, MO 65102
*Counsel for Respondent*

5

/s/ Kent E. Gipson

KENT E. GIPSON

*Counsel for Petitioner*