**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARCELLUS WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV00070 RWS |
| | ) | |
| ROBERT P. MCCULLOCH, | ) | |
| | ) | |
| Defendant, | ) | |

**MEMORANDUM AND ORDER**

Marcellus Williams is scheduled to be executed on January 28, 2015, at 12:01 a.m. for the first degree murder of Felicia Gayle. He brings this action under 42 U.S.C. § 1983 against Robert McCulloch, the St. Louis County Prosecuting Attorney, seeking release of physical evidence for DNA testing to prove his innocence.[1] He seeks a stay of his execution pending the testing of the DNA evidence. After careful review, I find that the complaint is frivolous and fails to state a claim upon which relief can be granted. As a result, I will dismiss this action without further proceedings. See 28 U.S.C. § 1915(e)(2)(B) (mandating *sua sponte* dismissal of *in forma pauperis* actions that are frivolous, malicious, or fail to state a claim.).

**Background**

On August 11, 1998, Williams illegally entered Felicia Gayle's home and stabbed her to death. Petitioner was tried and convicted in 2001. He appealed to the Missouri Supreme Court, challenging evidentiary rulings, voir dire, instructions, and closing argument. See State v. Williams, 97 S.W.3d 462 (Mo. banc 2003) cert. denied, 539 U.S. 944 (2003). He did not

---

[1] I have reviewed plaintiff's financial information, and his request to proceed *in forma pauperis* is granted. Plaintiff shall pay a partial initial filing fee of $10. See 28 U.S.C. § 1915(b).

challenge the sufficiency of the evidence.  The Missouri Supreme Court affirmed on January 14, 2003.

Williams filed a Rule 29.15 motion for postconviction relief in the trial court on May 30, 2003.  The court denied the motion after holding an evidentiary hearing.  On appeal, Williams brought several claims of ineffective assistance of counsel.  He claimed that counsel was ineffective for failing to test Laura Asaro's  blood, hair, and fibers in order to connect her to the crime scene.  He did not claim that counsel was ineffective for failing to send any DNA evidence for testing or comparison to criminal databases.  The Missouri Supreme Court affirmed on June 21, 2005.  See Williams v. State, 168 S.W.3d 433 (Mo. banc 2005).  The court found that Williams's claim regarding Asaro's biological evidence was purely conclusory and presented no factual basis for relief.  Id. at 442.  Asaro had been his girlfriend at the time of the murder, and she testified against him at trial.  Id. at 438.

Williams filed his petition for writ of habeas corpus under 28 U.S.C. § 2254 on August 29, 2006.  Williams v. Roper, 4:05CV1474 RWS (E.D. Mo.).  On the same day, he filed a motion for discovery to conduct further DNA testing on the physical evidence at the crime scene so that he could attempt to match it to Asaro and known felons in both Missouri's and the FBI's database systems.  In denying the motion, I stated,

> with respect to the motion for additional DNA testing of the biological trace evidence from the crime scene, the Court decides that there is no good cause for discovery.  The biological trace evidence has been tested.  This is not a case in which the biological trace evidence has not been tested and, if tested, could exculpate petitioner.  The record shows that the biological trace evidence did not match the DNA of petitioner, the victim or the victim's husband.  This fact was presented to the jury at petitioner's trial.

Id. (Mem. and Order dated March 30, 2007).

2

**The § 1983 Complaint**

Williams asks the Court to order McCulloch to release physical evidence from the crime scene for DNA testing so that he can attempt to implicate another person as Gayle's murderer. He says he asked McCulloch to release the evidence and the McCulloch did not respond to the request. He sues McCulloch in his official capacity only, and he seeks injunctive and declaratory relief.

Williams's main complaint is that he was convicted despite the fact that none of the physical evidence at the crime scene demonstrated his guilt. He admits that he could have asked for the DNA testing at trial or in his postconviction proceedings but that he did not do so. And he further admits that because of this failure he has no remedy under Missouri law. See Mo. Rev. Stat. § 547.035.2; Mo. S. Ct. R. 29.15(*l*).

Williams claims that McCulloch's refusal to release the evidence (1) violates his right to procedural due process under the Fourteenth Amendment; (2) violates his right of access to the courts under the First Amendment; (3) violates his right to be free from cruel and unusual punishment under the Eighth Amendment; (4) violates his rights under the Confrontation and Compulsory Process Clauses of the Sixth Amendment; and (5) violates his right to due process in clemency proceedings. I will address each of these claims in turn.

1.     Due Process

Williams argues that "his due process rights under the Fourteenth Amendment were violated when the State refused him access to evidence for DNA testing." Compl. at 11. He "believes the results of the DNA testing of this evidence will cast doubt on his conviction . . ." Id. at 14. He argues that the "denial of access to test the above evidence and vindicate Mr. Williams' claims of actual innocence violates Mr. Williams' procedural due process rights and

deprives him of his life and liberty interests to prove his innocence." He also contends that it deprives him of his right to try to bring a successive federal habeas petition. He also argues that the Missouri DNA statute, § 547.035, and its postconviction scheme are unconstitutional because they do not allow for endless requests for discovery from the state and attempts to invalidate one's conviction.

Williams's due process claim is wholly conclusory and is unsupported by any federal case law. Williams admits that he failed to take advantage of § 547.035 when he had the opportunity both at trial and in his postconviction proceedings. And he admits that his own failure is the reason he has no remedy under state law.

"To establish a procedural due process violation under [the Fourteenth Amendment], a plaintiff must first show that the state infringed on a cognizable liberty interest." Swipies v. Kofka, 419 F.3d 709, 713 (8th Cir. 2005). Williams has not articulated a cognizable liberty interest. He has no remedy under state law. And there is no federal law mandating that states give prisoners, who's convictions are final, endless attempts to overturn their conviction.

> To establish a procedural due process violation, a plaintiff need not only show a protected interest, but must also show that he or she was deprived of that interest without sufficient process, i.e., without due process. The due process clause ensures every individual subject to a deprivation the opportunity to be heard at a meaningful time and in a meaningful manner.

Id. at 715 (citations and quotations omitted). Plaintiff was not deprived of an opportunity to be heard. He had the opportunity to raise his DNA claim at trial and in postconviction proceedings but failed to do so. As a result, plaintiff's due process claim fails to state a claim upon which relief can be granted.

2.      <u>Right of Access to the Courts</u>

Williams argues that the state's refusal to give him access to the DNA evidence "arbitrarily denied [him] of his right to meaningful access to state and federal court to establish that he is actually innocent of the crimes to which he is currently incarcerated . . ."

This claim is wholly frivolous. Williams has two federally appointed attorneys who are being well compensated to seek executive clemency and any stays of execution. Williams's attorney in the instant case is one of those attorneys. Williams does not allege that he has been deprived of access to a law library or that prison officials have interfered with his ability to file papers in court or contact his attorneys. And, as I said above, Williams does not have an established federal right to endlessly attack his conviction after it is final and postconviction proceedings are over.

3.      <u>Cruel and Unusual Punishment</u>

This claim is just a reiteration of the previous claims. Williams argues that by "refusing to conduct DNA testing and running any results through the CODIS database, the Defendant has arbitrarily denied Mr. Williams of the opportunity to make a showing that he is innocent . . . in violation of the Cruel and Unusual Punishment Clause . . ."

This claim is also legally frivolous. Williams fails to cite any case law in support of this claim or even to articulate the standard for Eighth Amendment violations. The state's refusal to conduct DNA testing is not punishment. Therefore, there is no Eighth Amendment violation.

4.      <u>Compulsory Process</u>

Williams argues that the state has denied him of his right to present evidence of innocence "in violation of the Confrontation and Compulsory Clauses of the Sixth Amendment."

This claim is also conclusory and unsupported by case law. The claim has not even been articulated in a manner that makes legal sense. The Sixth Amendment applies to "criminal prosecutions." Williams's conviction is final. As a result, this claim is frivolous.

5.     Clemency Due Process

Williams argues that the state, by withholding the DNA evidence, has deprived him of his right to seek executive clemency.

This claim is also frivolous. Plaintiff has two lawyers seeking clemency on his behalf. Missouri's clemency process does not guarantee discovery of evidence used at trial.

For each of these reasons, the Court dismisses the complaint under 28 U.S.C. § 1915(e)(2)(B). Additionally, because of the frivolous nature of the complaint, the Court will certify that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**, and plaintiff shall pay an initial partial filing fee of $10 to the Clerk of Court.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for stay of execution is **DENIED** as moot.

An Order of Dismissal will be filed separately.

Dated this <u>14th</u> day of <u>January</u>, 2015.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

6