UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION
www.moed.uscourts.gov

MARCELLUS WILLIAMS,            )
                              )
        Petitioner,            )
                              )
    vs.                        )        Case No. 4:05 CV 1474 RWS
                              )
DONALD ROPER,                  )
                              )
        Respondent.            )

## ORDER

Petitioner Marcellus Williams was convicted of first degree murder in

Missouri state court and sentenced to death.  After exhausting his state court

remedies Williams filed a federal habeas petition in this Court.  On March 26,

2010, I denied Williams' habeas petition on his underlying conviction but granted

the petition on the penalty phase of the trial.  The United States Court of Appeals

for the Eighth Circuit reversed my decision regarding the penalty phase and

Williams' habeas petition was denied in its entirety.

Williams' execution is set on August 22, 2017.  On July 31, 2017, Williams

filed a motion for relief from judgment under Fed.R.Civ.P. 60(b)(6) and a motion

to stay his execution pending my ruling.  Williams' motion asks that I revisit my

decision to deny his request for further DNA testing and consider new evidence in

relation to Claim Four for relief in his habeas petition.  The impetus for Williams'

60(b)(6) motion was recent DNA testing on the kitchen knife used as the murder weapon in the underlying case.  I will deny Williams' motion because he fails to establish grounds for relief under Rule 60(b)(6), the claim of actual innocence related to the new DNA testing related to Claim Four is not a ground for habeas relief, and Williams' motion is really a successive habeas petition which I cannot entertain absent permission from the United States Court of Appeals for the Eighth Circuit.

*The underlying basis for relief in Claim Four of Williams' habeas petition*

In the relevant section of Claim Four of Williams' habeas petition he asserted that he was actually innocent.  In conjunction with this claim Williams filed a motion to conduct testing on the murder victim's fingernail samples (to test for DNA under the nails) and to compare hair samples found at the crime scene. These samples had been retained by the prosecution.  William's contended that further testing of these samples could possibly link them to Williams' girlfriend who testified against Williams at trial or to an unknown serial killer.  Like the prosecution, Williams had a similar set of these samples controlled by his counsel. Williams had his samples tested by forensic experts who testified at trial that none of the hairs belonged to Williams and that his DNA was not found under the victim's fingernails.  The jury was aware of this evidence and still convicted Williams based on witness testimony, the discovery of the victim's property in the

trunk of Williams' grandfather's car, and the undisputed fact that Williams sold the victim's husband's laptop computer shortly after her murder.

I denied Williams' motion to conduct further DNA and hair analysis because they had already been tested and the results of the tests were presented at trial. Moreover, Williams' sought the additional testing solely in support of his actual innocence claim.  In my March 26, 2010 memorandum and opinion denying that claim, I noted that actual innocence is not a free standing claim cognizable in a federal habeas petition.  Herrera v. Collins, 506 U.S. 390, 404 (1993).  As a matter of law it did not matter what further testing of the samples disclosed because the actual innocence claim was not a ground for federal habeas relief.

*DNA testing of the murder weapon*

In January 2015, Williams sought habeas relief from the Missouri Supreme Court asserting actual innocence and requested DNA discovery.  The Missouri Supreme Court permitted further discovery.  The handle of the knife used in the victim's murder was tested for DNA.  Two experts reviewed the test results on Williams' behalf.  The first expert stated she could not draw any conclusions whether Williams was a contributor to the DNA on the handle of the knife because more than one male person's DNA was on the handle.  Williams retained a second expert who agreed there was DNA from multiple males on the handle but concluded Williams was not a contributor of DNA.  The Missouri Supreme Court

denied Williams' state habeas petition.  Based on this "newly discovered evidence" regarding the knife handle DNA testing, Williams filed his present motion under Rule 60(b)(6).

*Rule 60(b)(6) analysis*

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence.  Rule 60(b)(6), … permits reopening when the movant shows 'any ... reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." Gonzalez v. Crosby, 545 U.S. 524, 528–29 (2005).  "Relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" Buck v. Davis, 137 S. Ct. 759, 766 (2017) (quoting Gonzalez, 545 U.S. at 535).  Under Rule 60(b)(2), newly discovered evidence must be evidence which "by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."

Williams' Rule 60(b) motion asks me to consider the knife handle DNA testing as "new evidence" and claims that his motion only challenges and relates to my March 30, 2007 denial of his motion to conduct DNA testing.  He argues that because he was denied DNA testing, the full merits of his actual innocence claim have never been fully reviewed.  This ground for relief fails for three reasons. First, Williams' newly discovered evidence does not meet the standard of Rule

4

60(b)(2).   The DNA evidence on the knife handle is not new evidence which could not have been discovered in time to move for a new trial.  Williams conducted discovery of fingernail and hair samples before trial.  He does not offer any reason he was prevented from conducting testing of the knife handle.  Williams request for DNA discovery on August 29, 2006 never mentioned testing of the knife handle.  As a result, I did not err in denying Williams' request for DNA discovery because he never sought discovery regarding the knife handle.

Second, Williams' evidence about the knife handle is not an extraordinary circumstance under Rule 60(b)(6).  The knife handle evidence is equivocal based on the conflicting opinions of Williams' experts who examined the DNA data.  Moreover, Williams was convicted on other evidence including witness testimony, possession of the victim's property, and Williams' sale of the victim's laptop.

Third, any evidentiary issues regarding DNA evidence have no impact on Williams' claim of actual innocence.  As I stated in my order denying Williams' ground for relief based on actual innocence, and as I restated here, a claim of actual innocence is not a cognizable ground for federal habeas relief.  As a result, Williams' motion for Rule 60(b)(6) relief regarding DNA testing and newly discovered DNA evidence is futile and will be denied.

*Successive habeas petition*

I will also deny Williams Rule 60(b)(6) motion on the alternative ground that it is a successive habeas petition.  Williams' motion seeks to reopen the case to

5

provide DNA evidence from the knife handle.  The motion's goal would have me reconsider the decision I made in Williams' federal habeas case denying Williams' motion for DNA testing in relation to his actual innocence claim.  His actual innocence claim was the basis for his DNA discovery request.  The ultimate goal of Williams' present motion is to challenge my previous ruling on the merits of his actual innocence ground for relief.  A Rule 60(b) motion is deemed to be a successive habeas petition if it "attacks the federal court's previous resolution of a claim on the merits." Gonzalez v. Crosby,  545 U.S. 524, 525 (2005).  Because Williams' motion seeks to revisit his claim that I have already denied on the merits, 28 U.S.C. § 2244(b)(3)(A) requires Williams to obtain an authorization from the United States Court of Appeals for the Eighth Circuit Court to proceed with his motion as a successive habeas petition.  Williams had failed to obtain this authorization and his motion will also be denied on this ground.

Accordingly,

**IT IS HEREBY ORDERED that** Petitioner Marcellus Williams' motion for relief from judgment [101] is **DENIED**.

**IT IS FURTHER ORDERED that** Petitioner Marcellus Williams' motion to stay [102] is **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of August, 2017.

6