IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

MARCELLUS WILLIAMS, )
)
Petitioner, )
)
v. )      4:05-CV-1474-RWS
)      **Capital Case**
DONALD ROPER, )      **Execution Scheduled for:**
)      **September 24, 2024**
Respondent. )

### SUGGESTIONS IN OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(b)(6)

Applications for writs of habeas corpus filed by prisoners in state custody are governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254; *Singleton v. Norris,* 319 F.3d 1018, 1023 (8th Cir. 2003). AEDPA limits the authority of federal courts to entertain habeas applications. In addition, 28 U.S.C. § 2244(b) governs successive habeas applications. This statutory provision requires the dismissal of claims previously raised in a federal habeas action. 28 U.S.C. § 2244(b)(1). Petitioner's motion is a second or successive application for habeas relief.

In the context of Rule 60(b) motions, courts should briefly inquire as to whether these motions raise claims similar to those in previously-filed habeas petitions. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (*per curiam*) ("[W]e encourage district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ a procedure whereby the

1

district court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254."). If a Rule 60(b) motion does raise a second or successive claim, it should be dismissed for failure to obtain authorization from the Eighth Circuit, or the matter should be transferred to the Eighth Circuit. *Id.*

In *Gonzalez v. Cosby*, the United States Supreme Court held that a petitioner does not raise a habeas claim where he is only challenging "a previous ruling which precluded a merits determination. . . for example, a denial for such reasons as failure to exhaust, procedural default or statute of limitations bar." 545 U.S. 524, 532 n.4 (2005). The *Gonzalez* Court further concluded that a claim raised in a Rule 60(b) motion may only be deemed as second or successive where the motion itself or the judgment entered on the movant's prior habeas petition addressed substantive grounds for setting aside his underlying conviction. *Id.* at 532 ("If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules.").

2

This Court, in its 2010 order, addressed and denied the *Batson*[1] claims raised in Petitioner's original habeas petition. Doc. 58 at 20–25.  Petitioner now appears to allege that this Court's earlier denial of his *Batson* claims was not a decision on the merits because this Court gave AEDPA deference to the Supreme Court of Missouri. Doc. 121 at 35–36. But this Court's prior denial of Petitioner's petition was clearly a merits-based denial. *See Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) ("'On the merits' refers 'to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §2254(a) and (d)'"). And, at present, Petitioner is making a claim challenging his conviction and sentence in lieu of alleging that untimeliness, lack of exhaustion, or some other procedural bar prevented this Court from addressing his *Batson* claims. Therefore, his motion is a second or successive application for habeas relief.

Petitioner attempts to use the United States Supreme Court's decision in *Buck v. Davis* to support his assertion that Rule 60(b) "provides this Court the procedural mechanism to consider the newly disclosed evidence and to grant appropriate relief." Pet. Rule 60(b) Mot. at 2. But the findings of the *Buck* Court are not helpful to Petitioner. The issue in *Buck* was whether it was an abuse of discretion not to grant a certificate of appealability. 580 U.S. 100 (2017).

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

3

The *Buck* Court's findings had nothing to do with second or successive applications for habeas relief like the one at issue here. *See id.*

In addition, the United States Supreme Court's decision in *Flowers v. Mississippi* is not helpful to Petitioner. 588 U.S. 264 (2019). *Flowers* stands only for the unremarkable proposition that relevant facts and circumstances may be considered in evaluating a *Batson* claim. *See id.* In *Flowers*, the United States Supreme Court neither excused the bar on second or successive petitions, nor did it permit the filing of a Rule 60(b)(6) motion presenting second or successive claims based upon alleged extraordinary grounds, as Petitioner attempts to do here. *See id.*

In support of the theory that he has extraordinary grounds permitting his filing of the Rule 60(b)(6) motion, Petitioner asserts that the prosecutor ("Larner") now admits that race was part of the reason he struck a juror. Doc. 121 at 40. This fact would not make his motion something other than a second or successive application for habeas relief. In any event, Petitioner's assertion is a mischaracterization of the record. Petitioner does not include the § 547.031[2] motion court's findings of fact; rather, he makes this assertion based upon an inaccurate characterization of Larner's testimony that he did not have any race-based reasons for his strikes. Petitioner attempts to construe Larner's testimony

---

[2] All citations to this statutory provision refer to § 547.031 RSMo 2024.

4

as an admission that he did have race-based reasons for these strikes. But the record does not support that.

The findings of fact and conclusions of law entered following the hearing in the § 547.031 motion court provide that "Larner denied systematically striking Black jurors or asking Black jurors more isolating questions than White jurors." Resp. Sugg. in Opp. Ex. 1 at 16. The transcript from this hearing also refutes the idea that Larner had partially non-race-neutral reasons for any of his peremptory strikes. *See* Tr. Vol. 2 at 203–237. Larner explicitly *denied* striking potential juror number 64 in part because he was black, stating that he struck this potential juror because he thought Petitioner and said potential juror looked similar, but not because he was black. *Id.* at 211. Larner further stated that if he had struck this potential juror because he was black, which he did not, that such a strike would have been thrown out and caused a retrial. *Id.* When asked specifically if *part of the reason* he struck this potential juror was because he and Petitioner were both black, the prosecutor "*No, absolutely not. Absolutely not.*" *Id.* at 213 (emphasis added). Larner clearly understood that he would have been reversed under *Batson* had he done that. *Id.* To characterize Larner's testimony as being an admission that he struck a potential juror in part because he was black is plainly incorrect.

At bottom, Petitioner is seeking to use a meritless second or successive application for habeas relief as a delay tactic, just days before his scheduled

5

execution. Nothing new is raised in Petitioner's Rule 60(b)(6) motion. Petitioner has had the trial transcript and record for decades. Petitioner simply attempts to repackage a *Batson* claim that has previously been denied by this Court, using testimony from his § 547.031 motion hearing that fails to establish the elements of such a violation and contradicts the transcript of Petitioner's original criminal trial, which he has had for decades. Even if this motion were not second or successive, which it is, the evidence Petitioner presents would not support the granting of a Rule 60(b)(6) motion under these circumstances. *See Bucklew v. Precythe*, 587 U.S. 119, 149–151 (2019) (noting that last minute challenges to executions "should be the extreme exception, not the norm," and courts "can and should" protect state court judgments from such "dilatory" attacks).

This Court should dismiss Petitioner's Rule 60(b)(6) motion as second or successive.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

/s/ *Michael Spillane*
MICHAEL SPILLANE
Assistant Attorney General
Missouri Bar # 40704
P.O. Box 899
Jefferson City, MO 65102
(573) 751-1307
(573) 751-2096 Fax
mike.spillane@ago.mo.gov

*/s/ Katherine Griesbach*
KATHERINE GRIESBACH
Assistant Attorney General
Missouri Bar #75883
P.O. Box 899
Jefferson City, MO 65102
(573) 751-6009
(573) 751-2096 Fax
katherine.griesbach@ago.mo.gov

Attorneys for Respondent

## Certificate of Service

I hereby certify this document was filed with this Court's electronic filing system on September 17, 2010 and should be electronically served by this Court's electronic filing system on

Kent E. Gipson
Kent.gipson@gipsonlaw.com

Laurence E. Komp
Laurence_komp@fd.org

Faith J. Tan
Faith_tan@fd.org

/s/ *Michael Spillane*
MICHAEL SPILLANE
Assistant Attorney General

8