UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARCELLUS WILLIAMS,          )
                                    )
      Petitioner,          )
                                    )
      vs.                 )         Case No. 4:05 CV 1474 RWS
                                    )
DAVID VANDERGRIFF[1],     )
                                    )
      Respondent.      )

## ORDER

Petitioner Marcellus Williams was convicted of first degree murder in Missouri state court and sentenced to death.  After exhausting his state court remedies Williams filed a federal habeas petition in this Court.  On March 26, 2010, I denied Williams' habeas petition on his underlying conviction but granted the petition on the penalty phase of the trial.  The United States Court of Appeals for the Eighth Circuit reversed my decision regarding the penalty phase and Williams' habeas petition was denied in its entirety.

Williams' execution is set on September 24, 2024.  On September 17, 2024, Williams filed a motion for relief from judgment under Fed.R.Civ.P. 60(b)(6). Williams' motion requests that I set aside the judgment in this matter and reopen

---

[1] Williams is now confined in the Missouri Department of Corrections' Potosi Correctional Center facility. The warden of that facility is David Vandergriff.  As a result, David Vandergriff is hereby substituted as the Respondent in this matter.

this habeas case to address Williams' Batson[2] challenge raised in his habeas

petition.  The basis for Williams' 60(b)(6) motion is the recent testimony at a state

court hearing by Keith Larner, the lead prosecutor at Williams' trial.  Williams

asserts that Larner's recent testimony undermines the Missouri Supreme Court's

resolution of his Batson claim on direct appeal.  I will deny Williams' motion

because it is a successive habeas petition which I cannot entertain absent

permission from the United States Court of Appeals for the Eighth Circuit.

Moreover, the motion fails to establish grounds for relief under Rule 60(b)(6).

*Successive habeas petition*

On March 26, 2010, I issued a memorandum opinion that rejected Williams'

Batson challenge directed at African American venirperson Henry Gooden.

Prosecutor Larner had used a peremptory strike to exclude Gooden from the jury.

The trial court denied Williams' Batson challenge.  Williams raised the issue on

direct appeal before the Missouri Supreme Court.  The State of Missouri

articulated three "facially permissible" explanations for the strike of venireperson

Gooden: his demeaner and appearance and clothing "too closely" resembled

Williams', his job as a postal worker, and his views on the death penalty.  With

respect to Gooden's demeaner and appearance, the Missouri Supreme Court noted

that Larner "stated that the venireperson resembled Williams, had the same glasses,

---

[2] Batson v. Kentucky, 476 U.S. 79 (1986).

and had a similar demeanor."  The Court concluded that "[t]hese reasons are not inherently race based."  State of Missouri v. Williams, 97 S.W.3d 462, 472 (Mo. 2003).

In my memorandum opinion I stated that:

> The Missouri Supreme Court found that the prosecutor's explanations for the [] challenged peremptory strike[] [was] facially race-neutral and [was] not inherently discriminatory. Williams, 97 S.W.3d at 471- 472. This decision is supported by the record and Williams has failed to overcome the presumption that this determination was correct by clear and convincing evidence. I find that Williams has not established that the Missouri Supreme Court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, or resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

Williams v. Roper, No. 4:05CV1474 RWS, 2010 WL 11813203, at *13 (E.D. Mo. Mar. 26, 2010), rev'd and remanded on other grounds, 695 F.3d 825 (8th Cir. 2012).

Williams' motion seeks to relitigate my Batson decision.  As noted above I found that the Missouri Supreme Court's decision was supported by the record. This was a merits decision of Williams' claim.  A Rule 60(b) motion is deemed to be a successive habeas petition if it "attacks the federal court's previous resolution of a claim on the merits." Gonzalez v. Crosby,  545 U.S. 524, 525 (2005).  Because Williams' motion seeks to revisit a claim that I have already denied on the merits, 28 U.S.C. § 2244(b)(3)(A) requires Williams to obtain an authorization from the United States Court of Appeals for the Eighth Circuit Court to proceed with his

motion as a successive habeas petition.  Williams had failed to obtain this authorization and his motion will be denied on this ground.

*Rule 60(b)(6) analysis*

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence.  Rule 60(b)(6), … permits reopening when the movant shows 'any ... reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)."  Gonzalez, 545 U.S. at 528–29.  A motion under Rule 60(b) that seeks to present newly discovered evidence in support of a claim previously denied is a successive habeas petition.  Id. at 531.  "Relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'"  Buck v. Davis, 137 S. Ct. 759, 766 (2017) (quoting Gonzalez, 545 U.S. at 535).

Williams' Rule 60(b) motion asks me to consider the testimony of prosecutor Larner obtained at a hearing in the Circuit Court of St. Louis, Missouri on August 28, 2024.  Larner was examined about his decision to strike Gooden.  When explaining that one reason for the strike was that Gooden looked very similar to Williams, Larner testified how Gooden and Williams had similar types of glasses and the same type of piercing eyes.  He testified that that looked like they were "brothers."  "Familial brothers."  [ECF 121-1 at 212]  Larner clarified, "I don't mean black people. I mean, like, you know, you got the same mother, you

got the same father. You know, you're brothers, you're both men, you're brothers." [Id.]  When Larner was asked "[s]o you struck them because they were both young black men with glasses?"  Larner responded, "Wrong.  That's part of the reason. And not just the glasses. I said the same type glasses. And I said they had the same piercing eyes."  [Id.]

Williams asserts that Larner's use of the term "brothers" indicates racial animus because he was using the term to indicate unrelated black men.  That reading is not supported by the testimony

Williams asserts that Larner's statement, "Wrong. That's one of the reason." in response to the question, "[s]o you struck them because they were both young black men with glasses?" shows that one of the reasons Gooden was struck was because he was black.  That also is a mischaracterization of Larner's testimony. Larner had just previously stated that Gooden and Williams looked very similar. The fact that they wore similar glasses was one reason for striking Gooden. Larner's testimony does not support Williams' inference that the fact that Gooden was black was "one reason" for striking him.  As a result, Williams' motion for Rule 60(b)(6) relief regarding Larner's testimony is unsupported and will be denied.

Accordingly,

**IT IS HEREBY ORDERED that** Petitioner Marcellus Williams' motion for relief from judgment [121] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute

David Vandergriff as the Respondent in this matter.


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of September, 2024.